**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHARLIE J. SCOTT,

Plaintiff,

-v- 9:23-CV-770 (AJB/DJS)

SGT. A. GIFFORD *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

CHARLIE J. SCOTT
Plaintiff, Pro Se
07-A-3560
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. LETITIA JAMES
New York State Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

M. RANDOLPH BELKIN, ESQ.
Assistant Attorney General

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On June 26, 2023, *pro se* plaintiff Charlie Scott ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this civil rights action alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") while he was being housed at Auburn Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3, 5.

The matter was initially assigned to U.S. District Judge David N. Hurd, who granted plaintiff's IFP Application and, after conducting an initial review of the complaint, determined that most of plaintiff's claims had to be dismissed without prejudice but that the following claims required a response: (1) § 1983 First Amendment free exercise claim against defendant Gifford; and (2) § 1983 First Amendment retaliation claim against defendant Cuddeback. Dkt. No. 12.

Plaintiff received a series of extensions of time, Dkt. Nos. 12, 13, 16, 18, 21, and eventually filed an amended complaint, Dkt. No. 22. Judge Hurd reviewed the amended pleading and concluded that the following claims required a response: (1) § 1983 First Amendment free exercise claim against defendant Gifford; (2) § 1983 Eighth Amendment conditions-of-confinement claim against defendant Gifford; and (3) § 1983 First Amendment retaliation claims against defendants Cuddeback, Gifford, and Jayne. Dkt. No. 25.

Thereafter, the matter was reassigned to this Court. Dkt. No. 41. Defendants Cuddeback, Gifford, and Jayne answered the amended complaint, Dkt. No. 50, and the parties conducted a period of discovery, *see, e.g.*, Dkt. No. 58. After U.S. Magistrate Judge Daniel J. Stewart denied plaintiff's request to file a further amended complaint, Dkt. No. 67, defendants moved for summary judgment on November 14, 2025. Dkt. No. 68. Plaintiff opposed and cross-moved for judgment in his own favor. Dkt. No. 95. Both motions were briefed. Dkt. Nos. 69–81, 96, 97, 99.

On August 17, 2026, Judge Stewart advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be granted in part and denied in part and that plaintiff's cross-motion be denied. Dkt. No. 102. There, Judge Stewart observed that plaintiff had offered evidence of "at least six grievances" he submitted at Auburn Correctional Facility. *Id*. at 11. Judge Stewart concluded that there were multiple questions of fact regarding whether plaintiff had fully

exhausted his claims and, relatedly, whether administrative remedies were in fact available to him at the relevant time or times. *See id*. at 11–18.

On the merits, Judge Stewart concluded that three of plaintiff's § 1983 claims against Gifford *might* warrant a trial—provided that these claims had been properly exhausted. Dkt. No. 102 at 11–26. To that end, Judge Stewart recommended that the Court schedule an exhaustion hearing as to those claims. *See id*. However, Judge Stewart found that plaintiff's § 1983 First Amendment retaliation claims against Cuddeback and Jayne "based on their misbehavior reports" and his § 1983 First Amendment retaliation claims against Gifford and Jayne "based on them waving a grievance against Sgt. Gifford" were subject to dismissal. *Id*. at 26–27.

In sum, then, the following § 1983 claims against Gifford remain for trial subject to a hearing on the question of exhaustion: (1) § 1983 First Amendment free exercise claim against Gifford based on allegedly refusing to allow plaintiff to worship on June 13, 2022, Dkt. No. 102 at 18–20; (2) § 1983 Eighth Amendment conditions-of-confinement claim against Gifford based on allegedly confining plaintiff to his cell for several periods of time without access to water, food, or other basic services, Dkt. No. 102 at 20–23; and (3) § 1983 First Amendment retaliation claim against Gifford "based on him directing staff to confine [p]laintiff," Dkt. No. 102 at 26.

Neither party has lodged objections, and the time period in which to do so has expired.[1] *See* Dkt. No. 102. Upon review for clear error, the R&R is accepted and will be adopted. *See* Fed. R. Civ. P. 72(b). The next step here appears to be an exhaustion hearing to determine whether plaintiff properly exhausted one or more of these § 1983 claims against defendant Gifford. Accordingly, the Clerk of the Court will be directed to assign plaintiff *pro bono* counsel for that purpose. However, because this process will likely take several weeks or more, *see* N.D.N.Y. L.R.

---

[1] After the fourteen-day review deadline expired on August 31, 2026, *see* Dkt. No. 102, plaintiff filed a notice of change of address with the Court. Dkt. No. 104. The Clerk mailed plaintiff a copy of the R&R to this address. *Id*.

83.2, a scheduling order on a hearing or trial will not be issued until after the *pro bono* assignment is made.[2]

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 102) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 68) is GRANTED in part and DENIED in part;

3. Plaintiff's motion for summary judgment (Dkt. No. 95) is DENIED;

4. The following § 1983 claims against Gifford remain for trial subject to a possible hearing on the question of exhaustion: (1) § 1983 First Amendment free exercise claim against Gifford based on allegedly refusing to allow plaintiff to worship on June 13, 2022; (2) § 1983 Eighth Amendment conditions-of-confinement claim against Gifford based on allegedly confining plaintiff to his cell for several periods of time without access to water, food, or other basic services; and (3) § 1983 First Amendment retaliation claim against Gifford "based on him directing staff to confine [p]laintiff."

5. Plaintiff's claims against defendants Cuddeback and Jayne are DISMISSED.

The Clerk of the Court is directed to terminate the pending motions and refer the matter to the Court's pro bono panel for the assignment of counsel for an exhaustion hearing.

**IT IS SO ORDERED.**

Dated: September 8, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

[2] As Judge Stewart noted, the parties have not addressed whether *Perttu v. Richards*, 605 U.S. 460 (2025) might warrant a different approach than a separate exhaustion hearing.